## *In re* STEWART, Bankrupt.

*(District Court, D. New Jersey. July 24, 1884.)*

1. BANKRUPTCY—DISCHARGE—GAMING—REV. ST. § 5110.

The discharge of a bankrupt is not a matter of right, but of favor, and the law may prescribe the terms on which he may be released from the payment of his debts; and every person who subjects his property to the hazard of loss at the gaming table, and loses what in fact belongs to his creditors, is not within the class entitled to the benefit of the statute.

2. SAME—LOSS BY GAMING—WINNINGS—EVIDENCE.

The law does not charge the court with the duty of ascertaining whether or not the bankrupt's losses by gaming exceeded his winnings, and if it is shown by the evidence that he actually lost money by gaming the court must refuse him a discharge.

In Bankruptcy. Specification against discharge.

*Henry S. Harris,* for bankrupt.

*James Buchanan,* for petitioning creditors.

NIXON, J. The sole allegation in the specifications filed against the discharge of the bankrupt is that he lost some part of his property in gaming. This is one of the grounds set forth in section 5110 of the Revised Statutes, which, when it is proved, compels the court to refuse the discharge. It is founded on the idea that the order of discharge is not a matter of right, but of favor; that the law may prescribe the terms on which the debtor may be released from the payment of his debts; and that every person who subjects his property to the hazard of loss at the gaming table, and loses what in fact belongs to his creditors, is not within the class entitled to the benefit of the act. Such a provision occurred in all the earlier English bankruptcy laws, but has not been included in the later acts consolidating the law of bankruptcy; nor is it found in the United States bankrupt act of 1841. What is gaming? And has the allegation been proved in the present case? The word has a wide signification. It includes wagers, bets, or stakes depending upon chance. Webster says it is the use of cards, dice, billiards, or other instruments according to certain rules, with a view to win money or other thing waged upon the issue of the contest. The specifications charge numerous games of chance, with cards, for money at various places, but especially at the village of Washington, New Jersey, the residence of the bankrupt. The proofs are clear as to the fact of the gambling, but not very definite as to the losses which the bankrupt sustained.

These were so small that the counsel for the bankrupt, on the argument, suggested that the court ought to apply the maxim "*de minimis non curat lex*," and dismiss the case. But I am not clear that I ought to do this. No such question could arise under the provisions of the English bankruptcy act, as they always specified the amount that must be lost to authorize the court to withhold the certificate. But our act is different. The discharge must be refused, or, if granted, must be invalidated on proof that any part of his property has been lost in gaming. The counsel for the bankrupt also urged that if the bankrupt did not appear to be a loser on summing up the aggregate result of his losses and gains, he did not come within the act. The law does not charge the court with the duty of going into any such calculations. It is not to add up in one column the losses and in another the winnings, and then hold that the law has been violated or not, according to the amounts of the respective columns. Such an attempt was made in *Ex parte Newman*, 2 Glyn & J. 329, but was not sustained by Vice-Chancellor LEACH. In that case the bankrupt applied for the certificate of discharge, and the application was opposed on the ground that he had on a certain day before the bankruptcy lost £40 by a wager at a main of cocks. The statute of 6 Geo. IV. *c.* 16, § 130, enacted "that no bankrupt shall be entitled to his certificate, etc., and that any such certificate, if obtained, shall be void, if such bankrupt shall have lost by any sort of gaming or wagering in one day twenty pounds," etc. The bankrupt admitted the loss charged, but offered to prove that on the same day he won £45 on another wager on the same cocks, and that he was winner in the sum of £5. The vice-chancellor held that it was not a question of loss or gain, and that the bankrupt had lost by gambling within the meaning of the act. He would not allow any offset of the losses by the winnings, and refused the certificate.

As the proofs here show losses, I must hold that the case comes within the law, and must refuse the discharge.